**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN THIEDE,

    Plaintiff,

  v.                                                 Case No. 16-13650

LEROY BURCROFF, et al.,

    Defendants.

                                            /

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

Before the court is Plaintiff's Motion for Partial Summary Judgment as to Count III of Plaintiff's Complaint, which seeks declaratory judgment that City of Romulus Policy #34 is an unconstitutional prior restraint on free speech. (Dkt. #37.) Also pending is a motion for summary judgment by Defendants LeRoy Burcroff, Julie Wojtylko, and City of Romulus (Dkt. #33); these Defendants seek summary judgment against Plaintiff on all counts, including Count III. Having examined the briefing and the case law, it appears to the court that Plaintiff may lack standing to pursue his claim for declaratory judgment. The court will, therefore, order further briefing on the issue of standing.

In September 2016, the City of Romulus adopted "Policy #34." (Dkt. #37 Pg. ID 773.) Policy #34 provides:

> From time to time, the City of Romulus may be sued in a Court of law. All verbal or written communications, information or documents in the possession of the city related to City business requested by a party to the litigation, or by a third party on behalf of the party to the litigation, must be coordinated through the City Attorney or the attorney representing the City.

> Therefore, all employees of the City shall not provide any information or documents related to the City to a litigant or a third party representing a litigant, unless otherwise designated by the Mayor.
>
> Further, all information or documents related to the City must be provided to the City Attorney, or other attorney representing the City in the litigation, for distribution to the parties in the litigation or their representatives.

(*Id.*) It is undisputed that Plaintiff has not been disciplined for any alleged violation of Policy #34. (Dkt. #41 Pg. ID 1066.) Indeed, Defendants Burcroff and Wojtylko both testified that they were unaware whether *anyone* had been disciplined under Policy #34. (Burcroff Dep. Dkt. #33-9 Pg. ID 600; Wojtylko Dep. Dkt. #33-12 Pg. ID 624.)

Plaintiff claims that Policy #34 is an unconstitutional prior restraint on free speech that is "impermissibly vague and overbroad." (Dkt. #1 Pg. ID 13.) He claims that Policy #34 "attempts to unlawfully limit and restrain employees from exercising their First Amendment free speech and association rights." (*Id.*)

Federal courts lack jurisdiction where there is no "case" or "controversy" within the meaning of Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Id.* The party invoking federal court jurisdiction bears the burden to establish that standing exists. *Id.* at 561. On a motion for summary judgment, the party invoking jurisdiction must come forward with concrete evidence— not "mere allegations"—to prove standing. *McKay v. Federspiel*, 823 F.3d 862, 867 (6th Cir. 2016).

Standing requires proof of three elements. First, the plaintiff must have suffered an "injury in fact": violation of a legally-protected interest that is both (a) concrete and particularized and (b) "actual or imminent, not conjectural or hypothetical." *Lujan*, 504

U.S. at 560 (internal quotations omitted). Second, there must be some causal connection between the injury and the complained-of conduct. *Id.* Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (internal quotations omitted).

Where a plaintiff challenges the constitutionality of a law, he need not always prove that the law was enforced against him. *See Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (holding that it was unnecessary for the plaintiff to "first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights."). Rather, federal courts may conduct a "pre-enforcement" review of a law where circumstances "render the threatened enforcement sufficiently imminent." *Susan B. Anthony List v. Driehaus*, __ U.S. __, 134 S. Ct. 2334, 2342 (2014). "Specifically, . . . a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Id.* (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)). Each of these allegations—intent to engage in conduct affected with a constitutional interest, proscription by statute, and threat of prosecution—is analyzed separately. *See, e.g.*, *id.* at 2343–47; *McKay v. Federspiel*, 823 F.3d 862, 868 (6th Cir. 2016); *Kiser v. Reitz*, 765 F.3d 601, 608–10 (6th Cir. 2014).

Plaintiff has not, thus far, brought forth evidence sufficient to support any of these necessary allegations. Plaintiff, for example, has not demonstrated an intent to engage in conduct "arguably affected with a constitutional interest" that is proscribed by Policy #34. *See McKay*, 823 F.3d at 868.

3

The court is particularly uncertain that Plaintiff can meet the last requirement: threat of prosecution. While the doctrines of overbreadth and vagueness have generally been styled as "exceptions" to the traditional rules of standing, see *Savage v. Gee*, 665 F.3d 732, 740 (6th Cir. 2012), a plaintiff alleging overbreadth or vagueness must still point to "some specific action on the part of the defendant in order for the litigant to demonstrate an injury-in-fact," *Morrison v. Bd. of Educ.*, 521 F.3d 602, 609 (6th Cir. 2008). The plaintiff must show, in other words, that enforcement of the allegedly chilling statute or policy "occurred or is imminent." *Morrison*, 521 F.3d at 610. "[A]bsent proof of a concrete harm, where a First Amendment plaintiff only alleges inhibition of speech, the federal courts routinely hold that no standing exists." *Id.* at 609.

The Sixth Circuit has found the threat of enforcement sufficiently imminent to confer standing "where plaintiffs allege a subjective chill *and* point to some combination" of other facts demonstrating that enforcement is likely. *McKay*, 823 F.3d at 869 (emphasis original). Other facts demonstrating likely enforcement include: "(1) a history of past enforcement against the plaintiffs or others; (2) enforcement warning letters sent to the plaintiffs regarding their specific conduct; and/or (3) an attribute of the challenged statute that makes enforcement easier or more likely," like a provision permitting members of the public to initiate enforcement actions. *Id.* (internal citations omitted). A defendant's refusal to "disavow enforcement" against the particular plaintiff may also be taken into account. *Id.*

The court has seen nothing in the record demonstrating that enforcement of Policy #34 is imminent. To date, the court has only the testimony of Defendants Burcroff and Wojtylko that Policy #34, to their knowledge, has not been enforced. Nothing

indicates that there is some history of enforcement of Policy #34, that Plaintiff has been threatened with enforcement of Policy #34, or that enforcement of Policy #34 may be initiated by some member of the public. Plaintiff has not yet, therefore, identified any imminent threat of enforcement or any act by Defendants sufficient to chill Plaintiff's speech. Because none of the parties have been heard on this issue, however, the court will give them an opportunity to address the court's concerns. Accordingly,

IT IS ORDERED that Plaintiff is DIRECTED to file a supplemental brief of no more than seven pages addressing the issues raised above by **January 3, 2018**.

IT IS FURTHER ORDERED that Defendants Burcroff, Wojtylko, and City of Romulus are DIRECTED to file a supplemental brief of no more than seven pages addressing the issues raised above by **January 10, 2018**.

No additional briefing is to be presented absent court direction.

        s/Robert H. Cleland        /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: December 20, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 20, 2017, by electronic and/or ordinary mail.

        s/Lisa Wagner        /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\KNP\Civil\16-13650.THIEDE.supplemental.briefing.KNP.RHC.docx